# United States Bankruptcy Appellate Panel

## For the Eighth Circuit

_____

No. 13-6041

_____

In re: Jackie L. Bennett, also known as Jackie L. Haymon, also known as Jackie L. Barfield

*Debtor*

------------------------------

Bong H. Chae

*Creditor - Appellant*

v.

Jackie L. Bennett

*Debtor - Appellee*

_____

Appeal from United States Bankruptcy Court
for the District of Nebraska - Omaha

_____

Submitted: October 29, 2013
Filed: November 13, 2013

_____

Before KRESSEL, SCHERMER and SHODEEN, Bankruptcy Judges.

_____

SCHERMER, Bankruptcy Judge

Bong H. Chae appeals from the orders of the bankruptcy court[1] denying his requests for relief from the automatic stay and for abstention and remand. We have jurisdiction over this appeal from the final orders of the bankruptcy court. *See* 28 U.S.C. § 158(b). For the reasons set forth below, we affirm.

**ISSUE**

The main issue in this appeal is whether the bankruptcy court properly denied Mr. Chae's request for relief from the automatic stay. We also consider whether Mr. Chae was entitled to relief on his request for the bankruptcy court to abstain and remand. We hold that the bankruptcy court properly denied Mr. Chae's request for stay relief, and that there was no basis for an order of abstention and remand.

**BACKGROUND**

In February, 2013, debtor Jackie L. Bennett (the "Debtor"), filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code"). The record reflects that Mr. Chae was served with a copy of the *Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines* (the "Notice") in the Debtor's bankruptcy case. The Notice clearly states that May 20, 2013 is the "Deadline to Objection to Debtor's Discharge or to Challenge Dischargeability of Certain Debts."

Pre-petition, Mr. Chae filed an action in state court against the Debtor, alleging malpractice, negligence and fraud. The state court action was pending on the petition date, and was therefore stayed by the Debtor's bankruptcy filing. Thereafter, Mr. Chae filed his motion for relief from the stay and for abstention and remand in the bankruptcy court.

---

[1] The Honorable Timothy J. Mahoney, United States Bankruptcy Judge for the District of Nebraska.

2

The bankruptcy court held a hearing on May 24, 2013 and denied Mr. Chae request for stay relief. Because Mr. Chae was not able to participate in the May 24, 2013 hearing, the bankruptcy court granted Mr. Chae's motion to have the hearing rescheduled to a later date. The hearing was rescheduled for June 17, 2013. In the meantime, the Debtor obtained a Chapter 7 discharge on May 27, 2013.

After a June 17, 2013 hearing at which both parties appeared, the bankruptcy court made its findings of fact and conclusions of law on the record. The bankruptcy court stated that Mr. Chae's malpractice and negligence actions are dischargeable debts in the Debtor's Chapter 7 case. Mr. Chae's fraud case would be dismissed if he did not file an adversary proceeding by the applicable deadline, which he did not do, and the discharge obtained by the Debtor discharged the fraud claim. Mr. Chae received notice of the deadline for filing an adversary proceeding regarding his fraud claim. There was nothing left for Mr. Chae to litigate in state court, because all of his alleged causes of action had been discharged. The bankruptcy court entered text orders denying Mr. Chae's requests for stay relief or for the bankruptcy court to abstain and remand. Mr. Chae then filed his timely notice of appeal of the bankruptcy court's June 17, 2013 orders.

Thereafter, Mr. Chae filed a motion asking the bankruptcy court to set forth its findings of fact and conclusions of law in writing. On July 3, 2013, the bankruptcy court entered an order setting forth (verbatim) the statements that the court made on the record at the June 17, 2013 hearing.

**STANDARD OF REVIEW**

The bankruptcy court's findings of fact are reviewed for clear error, and its conclusions of law are reviewed *de novo*. *Seaver v. New Buffalo Auto Sales (In re Hecker),* 496 B.R. 541, 548 (B.A.P. 8th Cir. 213) (citation omitted). We review the bankruptcy court's decision regarding whether to grant relief from the automatic stay for an abuse of discretion. *Crossroads Ford, Inc. v. Dealer Computer Servs., Inc. (In re Crossroads Ford, Inc.)*, 449 B.R. 366, 367 (B.A.P. 8th Cir. 2011) (citation

omitted). "An abuse of discretion will be found if the court's judgment was based on clearly erroneous factual findings or erroneous legal conclusions." *Id*. (citation omitted).

## DISCUSSION

The bankruptcy court did not abuse its discretion by denying Mr. Chae's request for relief from the automatic stay. It correctly determined that there was no purpose for granting stay relief since the malpractice and negligence actions were dischargeable debts, and the fraud claim was discharged when Mr. Chae failed to file an adversary proceeding by the deadline to do so. As the bankruptcy court noted, all of Mr. Chae's causes of action had been discharged.

Section 523(c)(1) of the Bankruptcy Code provides that:

the debtor shall be discharged from a debt of a kind specified in paragraph (2), (4), or (6) of subsection (a) of this section, unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph (2), (4), or (6) , as the case may be, of subsection (a) of this section.

11 U.S.C. § 523(c)(1). In turn, Bankruptcy Code § 523(a)(2)(A) governs actions to except a debt from a debtor's discharge "for money, property, services or an extension, renewal, or refinancing of credit, to the extent obtained by . . . false pretenses, a false representation, or actual fraud . . . ." 11 U.S.C. § 523(a)(2)(A). Federal Rule of Bankruptcy Procedure 4007 sets forth the time to file an action under § 523(c) (including a fraud claim under § 523(a)(2)(A)). Fed. R. Bankr. P. 4007(c). It states that:

a complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a). The court shall give all creditors no less than 30 days' notice of the time so fixed in the manner provided in Rule 2002. On motion of a party in interest, after hearing on notice, the court

4

for cause may extend the time fixed under this subdivision. The motion shall be filed before the time expires.

*Id.* The record reflects that in February, 2013, the bankruptcy court entered its Notice, and the Notice states that the meeting of creditors was scheduled for March 21, 2013, and May 20, 2013 was the "Deadline to Objection to Debtor's Discharge or to Challenge Dischargeability of Certain Debts." The Notice was served on Mr. Chae in February, 2013. The bankruptcy court properly found that Mr. Chae had notice of the deadline for filing an adversary proceeding. There is no record of a request by Mr. Chae, prior to the May 20, 2013 deadline, to extend the deadline to file his fraud action.

In addition, the bankruptcy court was correct when it denied the relief requested by Mr. Chae because the stay was not in effect at the time when the bankruptcy court entered the orders from which Mr. Chae appeals. The Debtor obtained a discharge prior to the date when the bankruptcy court held its rescheduled hearing and entered the orders. *See* 11 U.S.C. § 362(c)(2) (The automatic stay expires upon the earliest of closing of the case, dismissal of the case or, in the Chapter 7 case of an individual, the time when the bankruptcy court either grants or denies a discharge.).

For the same reason that there was no reason to grant Mr. Chae's request for stay relief, there was also no reason for the bankruptcy court to abstain and remand the case to the state court. As the bankruptcy court noted, there were no remaining causes of action by Mr. Chae because all of them were discharged. In addition, there was nothing to abstain from hearing or to remand because Mr. Chae never removed his state court action to the bankruptcy court, and there was no action pending in the bankruptcy court asking for the relief Mr. Chae sought in his state court action.

## CONCLUSION

For the reasons stated, we affirm.

---